**WINTERS & ASSOCIATES**
Jack B. Winters, Jr. (SBN 82998)
Sarah Ball (SBN 292337)
8489 La Mesa Boulevard
La Mesa, CA 91942
Tel: (619) 234-9000
Fax: (619) 750-0413
Email: jackbwinters@earthlink.net
Email: sball@einsurelaw.com

**NICHOLAS & TOMASEVIC, LLP**
Craig M. Nicholas (SBN 178444)
Alex Tomasevic (SBN 245598)
Jake W. Schulte (SBN 293777)
225 Broadway, 19th Floor
San Diego, California 92101
Telephone: (619) 325-0492
Facsimile: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org
Email: jschulte@nicholaslaw.org

Attorneys for Plaintiff
JOSE GRACIANO, Individually, and
on Behalf of the Class

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GRACIANO, Individually, and on Behalf of the Class,<br><br>Plaintiff,<br><br>v.<br><br>UNITED FIDELITY LIFE INSURANCE COMPANY, a Texas Corporation,<br><br>Defendant. | Case No.:<br><br>**INDIVIDUAL AND CLASS ACTION COMPLAINT FOR:**<br><br>**(1) DECLARATORY JUDGMENT OR RELIEF (CAL. CIV. CODE § 1060, *ET SEQ.*);**<br><br>**(2) BREACH OF CONTRACT; and**<br><br>**(3) UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200, *ET SEQ.*)**<br><br>**AND DEMAND FOR JURY TRIAL** |

Plaintiff JOSE GRACIANO, Individually, and on Behalf of the Class, and as defined below, makes the following allegations against Defendant UNITED FIDELITY LIFE INSURANCE COMPANY, a Texas Corporation ("UFLIC" or "Defendant") as follows:

## I.    NATURE OF THE CASE

1.    Since January of 2013, UFLIC has wrongfully terminated hundreds of life insurance policies in violation of California law. The unlawful activity continues to this day. Plaintiff and the Class of Defendant's policy holders and vested beneficiaries are victims of UFLIC's ongoing unlawful practices.

2.    Since January 1, 2013, every life insurer doing business in California, before it can lawfully lapse or terminate a life insurance policy for nonpayment of premium, must strictly comply with the notice and grace period provisions found in California Insurance Code Sections 10113.71 and 10113.72 ("the Statutes"), as well as existing in California common law. There are no exceptions. The legal requirements of the Statutes are simple.

3.    First, every life insurance policy must "contain" and actually grant a 60-day grace period. This means a 60-day grace period must be actually written and contained in the terms of the contract of insurance provided to the policy owner. During this time, premiums received must be accepted without condition and the policy owner and the insurer may not declare the policy lapsed or terminated. Should the insured die during the grace period, the insurer must pay the policy benefits.

4.    Second, the Statutes mandate that no policy may lapse or be terminated until and unless, after a payment is due and is unpaid, the insurer mails a 30-day warning notice, not only to the policy owner, but also to any assignee, any person with interest in the policy, and a designee selected by the policy owner to receive such notice. The notice may only be mailed after the initial premium is due and is unpaid and must be an accurate description of the status of the policy.

5.    Next, every "applicant" for life insurance must be notified of its right to

designate an individual to receive the 30-day notices provided by the Statutes prior to the issuance and delivery of the policy. This notice must then be provided annually to the policy owner. An "applicant" for life insurance means any form of applicant, including "applicants" for reinstatement, conversion, or any modification or change or in the contract.

6.      Finally, under the terms of the Statutes, no insurer may lapse or terminate a life insurance policy for nonpayment without first strictly complying with all these provisions. Failure to comply with all these notice provisions voids any attempted termination or lapse as a matter of law until and unless there has been compliance. None of these requirements are satisfied by substantial performance, nor are they excused by the conduct of the policy owner or the alleged subjective intent of the policy owner. These are mandates and, absent compliance with each and every provision, no lawful termination of a life insurance policy occurs until and unless the provisions are fully and strictly satisfied.

7.      Since January 1, 2013, UFLIC has systematically and purposely failed to provide full 60-day grace periods, proper notices of pending lapse or termination, or inform applicants and policy owners of their right to designate a third party to receive notices of lapse. Further, in evaluating terminations arising from nonpayment of premium after January 1, 2013, UFLIC has failed to apply these rules and undertook no evaluation of its own compliance. This specific failure to comply is universal and implicates policies issued before the date of the Statutes' enactment (January 1, 2013).

8.      UFLIC has also intentionally concealed from its policy owners and beneficiaries and other persons and entities with interest in its life insurance products, the existence of these mandatory rules and procedures and the rights they guarantee – rights about which UFLIC would rather its customers and claimants not know. This concealment, scheme, and plan by UFLIC is intentional, as is UFLIC's complete disregard for the statutory mandates of California.

9.    Moreover, since January 1, 2013, UFLIC has become aware of its failures and has failed to take the appropriate corrective action. Instead, UFLIC appears to have doubled down and made the decision to ignore the law, ignore court rulings, and deal with the occasional complaint without regard to its obligation to apply these rules properly and completely to all of its varied life insurance products utilized in this state.

10.    UFLIC's continued disregard for the law is widespread. Indeed, hundreds of policy owners have lost and continue to lose the benefit, value, and security of their life insurance; have been and continue to be forced into unnecessary reinstatements; and in many instances have lost all reasonable access to any insurance at all. Ultimately, UFLIC has robbed hundreds of its beneficiaries, like Plaintiff, of policy benefits and hundreds of insureds of the ability to have life insurance protection.

11.    The injury to UFLIC's customers and vested beneficiaries continues today, with policy owners currently paying unnecessary or inflated premiums or unknowingly suffering from improper, forced "reinstatements" which diminish the value of the policies. UFLIC has told numerous policy owners that they have no insurance, although their policies, unbeknownst to the policy owners, are still in force. All share the same harm and injury – an unlawfully terminated policy. Today these people, their heirs, beneficiaries, and others with interest likely believe that the defaulting party to these policies is the policy owner, when, in fact, the only party in default and the only party which disavowed and repudiated the policy was UFLIC. Beneficiaries who do make claims are having these claims denied on the false assertion that the policy was terminated when, in fact, benefits are owed. Most actual vested beneficiaries do not even know that they have rights under a policy illegally terminated, which still requires payment of the benefits.

12.    The mandates of California law and the California Insurance Code were established to protect all Californians and others, primarily seniors and the ill, and

apply regardless of the date of the policy's issuance. *McHugh v. Protective Life Ins. Co.* 12 Cal.5th 213 (2021).[1]

13.    UFLIC's conduct and failure to comply with the Statutes is intended to take advantage of the people for whose benefit the Statutes were passed. UFLIC intentionally increased the likelihood of forfeitures, which allowed UFLIC to gain financially at the expense of its customers.

14.    Plaintiff is a victim of UFLIC's past and continual failure to appreciate the importance and mandates of the Statutes and to disclose those mandates to its policy owners. In or around August 2022, UFLIC wrongfully terminated Plaintiff's late-mother's policy (of which he is a beneficiary) without providing all of the Statutes' protections.

15.    In sum, Plaintiff suffered the common single harm suffered by all of the Class members – the wrongful and continued repudiation of valuable life insurance policies or denial of death benefits as vested beneficiaries. Plaintiff's experience is not unique and is suffered by the Class as a whole.

16.    Plaintiff brings this action to recover for the injuries and damages and/or for the Court to fashion appropriate remedies necessary and resulting from these violations, not only for his benefit, but also on behalf of the numerous California policy owners and beneficiaries who have also been denied and continue to be denied the benefits of California law. Plaintiff also requests injunctive relief intended to ensure UFLIC's future compliance with these important consumer safeguards and to prevent ongoing violations of these important Statutes.

---

[1] Recently, the Ninth Circuit upheld a decision by a district court concluding that failure to strictly comply with the provisions of Insurance Code Sections 10113.71 and 10113.72 does not legally terminate a life insurance policy purportedly in default, and that, if a death of an insured occurs, policy benefits are owed. *Thomas v. State Farm Life Ins. Co.,* No. 20-55231, 2021 U.S. App. LEXIS 30035 (9th Cir. Oct. 6, 2021); *see also, Bentley v. United of Omaha Life Ins. Co.,* No. 2:15-cv-07870-DMG(AJWx), 2018 U.S. Dist. LEXIS 117107 (C.D. Cal. May 1, 2018); *Moriarty v. Am. Gen. Life Ins. Co.*, No. 3:17-cv-1709-JO-WVG, 2023 U.S. Dist. LEXIS 141961, at *11 (S.D. Cal. Aug. 14, 2023) (holding that failure to comply with the Statutes means a policy cannot lapse).

## II.    PARTIES

17.    Plaintiff JOSE GRACIANO, Individually, and on Behalf of the Class, is the beneficiary of the subject policy. Plaintiff is and has been a resident and citizen of Riverside County, California, at all times relevant. Plaintiff pursues these claims and causes of action individually, on his own behalf as the beneficiary of the subject policy, and on behalf of the Class.

18.    Defendant United Fidelity Life Insurance Company is a Texas corporation engaged in business involving the sale and administration of life insurance throughout the United States and other territories. UFLIC is licensed to conduct business and does business throughout California. UFLIC is a licensed/chartered life insurance carrier in California and is subject to regulation by California authorities.

## III.    JURISDICTION

19.    This Court has jurisdiction pursuant to 28 U.S.C. Section 1332, including the Class Action Fairness Act. The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000 and is between citizens of different states. Also, the matter or controversy is a putative class action with over 100 class members and with over $5 million in controversy.

20.    Venue is proper in the Central District of California pursuant to 28 U.S.C. Section 1391(b) through (d) because Defendant is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this District; does substantial business in this district and is subject to personal jurisdiction in this district. Plaintiff also resides in this district and has resided in this district at all times relevant.

21.    Plaintiff is informed and believes that all injuries and damages arose primarily in the state of California and all related conduct of the Defendant occurred solely within the state of California.

22.    UFLIC is authorized to conduct business in this state and has

intentionally availed itself of the laws and markets within this state and does substantial business in this state. The business and activities which are the subject of this litigation are being conducted throughout the state in each and every county on a uniform and consistent basis. Plaintiff is informed and believes that UFLIC treats all policy owners, beneficiaries, agents, producers, or others living or located in California as being regulated and governed by the same uniform statewide policies and procedures. UFLIC's business within this state is substantial and consists of the marketing, sale, delivery, maintenance, and administration of thousands of life insurance policies, representing billions of dollars in benefits, as well as the maintenance of dozens of sales and agent offices.

23. UFLIC advertises throughout California, including throughout this county, and conducts significant sales and related business activities in California and in this county, in general, as well as specifically regarding the marketing, sale, and administration of life insurance policies.

24. Plaintiff is informed and believes that UFLIC, consistent with industry standards for insurance companies doing business in numerous jurisdictions, utilizes the addresses of policy owners as a determining factor of what law to apply to the administration of the policy. As such, UFLIC treats policy owners residing in California as requiring application of California law and UFLIC, furthermore, acknowledges its capacity to be sued in California counties in which it conducts business. UFLIC has developed and continues to develop and apply not only marketing strategies, but administration strategies, specifically, in relation to actual or potential policy owners residing in California. UFLIC's wrongful conduct has occurred in this county and throughout the state of California. Since 2013, the wrongful conduct alleged throughout this Complaint has occurred within California.

## IV.   THE ENACTMENT AND APPLICABILITY OF INSURANCE CODE SECTIONS 10113.71 AND 10113.72

25. In 2012, after extensive and open hearings and public consideration,

including with Defendant, all other major insurance companies doing business in California, the California Legislature enacted Insurance Code Sections 10113.71 and 10113.72 (hereinafter the "Statutes"), which instituted procedural requirements for the termination and lapse of life insurance policies. The Statutes were written to avoid unintended forfeiture of life insurance policies primarily being suffered by the elderly and the ill. The Legislature found there was a significant problem in California with the elderly abruptly losing insurance because they happened to miss a premium payment, despite having faithfully and timely paid for many years. But the Statutes were nonetheless also designed to apply to all forms of life insurance.

26.     Sections 10113.71 and 10113.72, in addition to other statutory provisions and laws in effect as of January 1, 2013, mandate that every life insurance policy in or governed by California law, including policies that have issued, been delivered, renewed, reinstated, converted or otherwise become subject to the jurisdiction of California, shall contain a 60-day grace period and that the policy shall remain in force during the grace period. Cal. Ins. Code § 10113.71(a).

27.     The provisions further require that, before any life insurance policy governed by California law is lapsed or terminated for nonpayment of premium, a 30-day written notice of pending lapse or termination must be mailed, not only to the policy owner, but also to any additional person who has been designated to receive such notice, as well as to any person having any interest in the policy. Cal. Ins. Code § 10113.71(b)(1) and *see* § 10113.72(c) (dealing with designee notification).

28.     The provisions also mandate that the insurer, on an annual basis, as well as during any application process, notify the policy owner of an "individual policy" of his or her right to designate additional notice recipients. This again is an obligation owed on any policy within the jurisdiction of California.

29.     Finally, the Statutes mandate that no lapse or termination is effective unless every one of the applicable provisions is strictly complied with. The Statutes codified existing California law on strict compliance with forfeiture provisions.

30.    The provisions are applicable individually and severally to all life insurance policies governed by California law.

31.    More specifically, Section 10113.71 originally reads as follows:

**§ 10113.71 Grace Period; Notice of pending lapse and termination of policy; Mailing requirement**

(a) Each life insurance policy issued or delivered in this state shall contain a provision for a grace period of not less than 60 days from the premium due date. The 60-day grace period shall not run concurrently with the period of paid coverage. The provision shall provide that the policy shall remain in force during the grace period.

(b) (1) A notice of pending lapse and termination of a life insurance policy shall not be effective unless mailed by the insurer to the named policy owner, a designee named pursuant to Section 10113.72 for an individual life insurance policy, and a known assignee or other person having an interest in the individual life insurance policy, at least 30 days prior to the effective date of termination if termination is for nonpayment of premium.

(2) This subdivision shall not apply to nonrenewal.

(3) Notice shall be given to the policy owner and to the designee by first-class United States mail within 30 days after a premium is due and unpaid. However, notices made to assignees pursuant to this section may be done electronically with the consent of the assignee.

(c) For purposes of this section, a life insurance policy includes, but is not limited to, an individual life insurance policy and a group life insurance policy, except where otherwise provided.

Next, Section 10113.72 states:

**§ 10113.72 Right to designate person to receive notice of lapse or termination of policy for nonpayment of premium; Right to change designation; Notice of lapse or termination**

(a) An individual life insurance policy shall not be issued or delivered in this state until the applicant has been given the right to designate at least one person, in addition to the applicant, to receive notice of lapse or termination of a policy for nonpayment of premium. The insurer shall provide each applicant with a form to make the designation. That form shall provide the opportunity for the applicant to submit the name, address, and telephone

number of at least one person, in addition to the applicant, who is to receive notice of lapse or termination of the policy for nonpayment of premium.

(b) The insurer shall notify the policy owner annually of the right to change the written designation or designate one or more persons. The policy owner may change the designation more often if he or she chooses to do so.

(c) No individual life insurance policy shall lapse or be terminated for nonpayment of premium unless the insurer, at least 30 days prior to the effective date of the lapse or termination, gives notice to the policy owner and to the person or persons designated pursuant to subdivision (a), at the address provided by the policy owner for purposes of receiving notice of lapse or termination. Notice shall be given by first-class United States mail within 30 days after a premium is due and unpaid.

32.     These provisions were intended to standardize the procedures and notices used by life insurers to terminate policies. The Statutes further codified longstanding California law and policy regarding the state's desire to protect policy owners and beneficiaries from loss of insurance resulting from the failure, *e.g.*, to pay a single premium after years of timely payments.

## V.     UFLIC'S VIOLATIONS OF LAW

33.     In 2012, Defendant was made fully aware of the drafting and enactment of these provisions. And through its own lobbying groups and regulatory advisors, Defendant understood how and in what fashion the Statutes would apply. Prior to enactment, Defendant made no attempt to object to the enactment of the Statutes, which are the subject of this litigation.

34.     Despite early knowledge of the Statutes and their mandates, since January 1, 2013, Defendant has failed to fully comply with the Statutes. UFLIC has treated policies differently based on their date of issuance and the type of the policy.

35.     Specifically, UFLIC has not strictly complied with the Statutes regarding individual policies issued or delivered in the state of California prior to January 1, 2013.

36.     UFLIC has failed to provide full 60-day grace periods contained in the

policy by either not actually attaching or making the grace period a physical part of the policy, improperly advising policy owners and/or claimants of the wrong grace period, not accepting premiums without conditions during the grace period or inaccurately declaring a policy terminated prior to the expiration of the grace period, which amounts to a repudiation of the policy.

37.    UFLIC has failed to mail accurate timely 30-day pending lapse notices to the policy owner and/or designee either by inaccurately describing the actual grace period, by failing to mail to those recipients the notices required by law and/or by providing insufficient time periods as required by law.

38.    UFLIC has failed to provide annual notifications to policy owners, entitled to such notices, of their rights to designate.

39.    UFLIC has failed apply the mandates of the Statutes as an absolute condition for termination of any policy for nonpayment of premium and instead excusing noncompliance based on the inaccurate perceived fault of the policy owner or other irrelevant grounds or justification.

40.    UFLIC has treated policy owners directly and indirectly as if they are in default for payment of premiums, when, in fact, in every instance UFLIC first violated the terms of the policy and/or Statutes prior to any actual default by any policy owner.

41.    UFLIC has imposed new conditions on terminated policies including the demand for repayment of unearned premiums, as well as ignoring the consequences of noncompliance with the Statutes.

42.    UFLIC has been aware, since 2013, that all of its policies administered in the state of California and in force after January 1, 2013, were to be administered consistent with these provisions. However, UFLIC has acted in contravention and violation of various Insurance Code provisions, other than the Statutes, including regulatory mandates and the implied covenant of good faith and fair dealing implied in every insurance contract in California.

43.    In August of 2021, UFLIC learned that the California Supreme Court had confirmed that the Statutes applied to all in-force life insurance policies in the state as of or after January 1, 2013, including Plaintiff's late-mother's policy, but has yet to acknowledge this fact and still refused to comply with the law after August 2021.

44.    Finally, Plaintiff is informed and believes UFLIC has failed to institute appropriate training and education of sales and underwriting staff, as well as claims personnel and others, whose knowledge of these rules is essential for UFLIC's operation. Plaintiff is informed and believes that additional violations of the Statutes have also occurred, which will be disclosed during this litigation.

## VI.    MS. GRACIANO'S POLICY, TERMINATION, AND DENIAL OF CLAIM

45.    Plaintiff's experience with UFLIC is representative of UFLIC's ongoing course of misconduct and noncompliance.

46.    In or around August 1983, Plaintiff's late mother, Rosa Graciano ("Ms. Graciano"), purchased, from or in California, a universal life insurance policy (the "Policy" or "Subject Policy") from UFLIC. The policy number on the subject Policy is 05DL116565. As of the date of filing, Plaintiff does not have a full copy of his late-mother's Policy contract. UFLIC maintains custody, possession, and control of the entire Policy file, which will be produced by UFLIC in this litigation.

47.    The Policy was purchased in California, was issued and delivered in California, and premiums were all paid from California, such that it was and continues to be governed by the laws of the state of California, including, but not limited to, the Statutes. The value of the Policy is $35,000 or more and names Plaintiff as beneficiary.

48.    Plaintiff's late mother, Ms. Graciano, stayed current on the Policy and faithfully paid monthly premiums for nearly 40 years, and well beyond enactment of the Statutes by the California Legislature in 2013. Ms. Graciano did not miss a

payment until her dementia stopped her from living a functional life in or around August of 2022. Sadly, Ms. Graciano passed away in or around February 2023. When Plaintiff made a claim on the Policy, as the beneficiary, UFLIC denied Plaintiff's claim to a death benefit, stating that the Policy purportedly lapsed or terminated in or around August of 2022 for nonpayment of premium.

49.    Based on information and belief, as of the date of the purported lapse or termination of the Policy, UFLIC had violated every single provision of the Statutes.

50.    Initially, prior to discovery and investigation, it appears UFLIC violated at the least Cal. Ins. Code Section 10113.72(b) by not annually notifying Ms. Graciano of a right to designate.

51.    UFLIC also terminated the Policy without compliance with the provisions of Cal. Ins. Code Section 10113.71(a), which mandated a 60-day grace period.

52.    UFLIC also failed to provide notices, as required by Cal. Ins. Code Sections 10113.71(b)(1) and (3).

53.    No notice was sent to the policy owner and no notice was sent to the designee, due to UFLIC's failure to provide the right to designate, during the years the Policy was in force after 2013. *See* Cal. Ins. Code Section 10113.72(b).

54.    UFLIC then proceeded to violate Insurance Code Sections 10113.71 and 10113.72, when it claimed the Policy had lapsed or terminated. In fact, however, under the provisions of Sections 10113.71(b)(1) and 10113.72(b), no legal termination had occurred. UFLIC never complied with the strict compliance aspects of the Statutes in any respect.

55.    As of August 2021, Defendant compounded its violations of the Statutes by failing to comply with the Statutes and their ongoing duty of good faith and fair dealing not only as to the subject Policy but to other Class policy owners and vested beneficiaries.

56.    UFLIC's violations occurred prior to the Policy even reaching the end

of the statutory and contractual grace period. Ms. Graciano had done nothing contrary to the terms of the Policy, but was being dealt with as the party in default. But for her dementia causing her to lose functionality, Ms. Graciano had every intention of maintaining the Policy, as evidenced by the fact of her actively making premium payments for nearly 40 years.

57.    Plaintiff is further informed and believes that, irrespective of the application of the provisions of Sections 10113.71 and 10113.72, UFLIC systematically failed to comply with the express terms of Policy, which promised a default notice prior to terminating the Policy at the end of the grace period.

58.    Each of Defendant's violations was a material violation of law and a material breach and repudiation of the Policy, thereby excusing any further performance by Ms. Graciano of tendering premiums to maintain the Policy in force or imposing any requirements or conditions. UFLIC was in contractual breach and remained in breach of the Policy at all times from at least January 1, 2013, until the date of this filing. As a result of each and every violation, there was harm and injury to Plaintiff.

## VII.   CLASS ACTION ALLEGATIONS

59.    Plaintiff is informed and believes that Defendant has not, since at least January 1, 2013, properly and fully complied with the provisions of California Insurance Code Sections 10113.71 and 10113.72. Since that time, Defendant has failed and continues to fail to provide these protections to policy owners and beneficiaries.

60.    Plaintiff brings this action on behalf of all members of the proposed Class, as follows:

**The Class:**

All owners, or beneficiaries upon a death of the insured, of Defendant's life insurance policies that were renewed, issued, or delivered by Defendant in California, and in force on January

1, 2013, and which underwent or will undergo lapse or termination for the nonpayment of premium without Defendant first providing every notice, grace period, and offer of designation required by Insurance Code Sections 10113.71 and 10113.72.

61. ***Numerosity.*** The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed Class contains hundreds and perhaps thousands of members. The true number of members is known or ascertainable by the Defendant, as are their identities. Thus, Class members may likely be notified of the pendency of this action by first class mail, electronic mail, and/or by published notice.

62. ***Existence and Predominance of Common Questions and Answers of Law and Fact***. There is a well-defined community of interest in the questions and answers of law and fact involved affecting Class members. The questions and answers of law and fact common to the Class predominate over questions and answers affecting only individual Class members, including, but not limited to, the following:

      a.    Has Defendant violated and continued to violate the provisions of Sections 10113.71 and 10113.72?;

      b.    Is Defendant continuing to refuse to provide the protections afforded by the provisions of Sections 10113.71 and 10113.72?;

      c.    Have Defendant's life insurance policies been ineffectively lapsed, terminated, or subsequently unnecessarily modified through reinstatement?;

      d.    Should the Court invalidate improper lapses, terminations, and/or reinstatements of policies that resulted from Defendant's failure to comply with the Insurance Code?; and

e.    Should Defendant be required to make payments to beneficiaries of policies where the insured has died, and the policy was lapsed or terminated in violation of Sections 10113.71 or 10113.72?

63.    ***Typicality.*** Plaintiff's claims are typical of the claims of the members of the Class and because Plaintiff and each member of the Class were victims of the same statutory violations. Further, Plaintiff's claims are typical of the claims of his fellow Class members, which all arise from the same operative facts involving Defendant's unlawful violations of Sections 10113.71 and 10113.72.

64.    ***Adequacy of Representation.*** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel highly experienced in handling class action litigation, including that which involves consumer protection from unfair insurance business practices, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no interest adverse or antagonistic to that of the Class.

65.    ***Superiority***. A class action is a superior method for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members are relatively small compared to the burden and expense that would be expended by individual litigation of their claims against Defendant. It would thus be virtually impossible for Class members, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. The class action device provides the benefit of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances. Moreover, many Class

members remain unaware of their rights and, without this Class action, would remain unaware of their rights and benefits.

66.    In the alternative, the Class may also be certified because:

    a.    The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members that would establish incompatible standards of conduct for Defendant;

    b.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests; and/or

    c.    Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

67.    Unless the Class is certified, Defendant will retain monies received because of its conduct taken against the Class members and Plaintiff. Unless a classwide injunction is issued, Defendant will continue to commit the violations alleged and members of the Class will continue to be harmed.

68.    Plaintiff knows of no difficulty likely to be encountered in the management of this litigation that would preclude its maintenance as a class action. Because the action is brought as a class action, the Court need only apply a single set of California laws as they relate to Defendant's violation of Sections 10113.71 and 10113.72.

69.    Plaintiff has incurred, and will incur, expenses for attorney's fees and costs in bringing this action. These attorney's fees and costs are necessary for the

prosecution of this action and will result in a benefit to each of the members of the Class.

### VIII.  <u>FIRST CAUSE OF ACTION</u>
**FOR DECLARATORY JUDGMENT OR RELIEF (CAL CIV. CODE § 1060, *ET SEQ.*)**
**(By Plaintiff, Individually, and on Behalf of the Class)**

70.    Plaintiff incorporates by reference each and every allegation contained above.

71.    Plaintiff, in his individual capacity, as well as in his representative capacity, brings this action individually and on behalf of all members of the Class.

72.    Under California law, "[a]ny person interested under a written instrument… or under a contract, or who desires a declaration of his or her rights or duties with respect to another… may, in cases of an actual controversy relating to the legal rights and duties of the respective parties," maintain a complaint or cross-complaint "for a declaration of his or her rights and duties." Furthermore, he or she "may ask for a declaration of rights or duties, either alone, or with other relief, and the court may make a binding declaration of these rights or duties, whether or not further relief is or could be claimed at the time." Cal. Civ. Code § 1060.

#### A.    **Basis for Relief**

73.    On January 1, 2013, the California Insurance Code was amended by Sections 10113.71 and 10113.72. The provisions of these Statutes were immediately and thereafter read into all in-force policies, regardless of the date of issuance. The provisions were further intended to require compliance by all life insurance policies – including, but not limited to, both group and individual – that came within the jurisdiction of California, including, but not limited to, policies that renewed or somehow continued in force on or after January 1, 2013.

74.    These Statutes and amendments to the California Insurance Code were intended to and do regulate the lapse and termination procedures arising from

nonpayment of premiums which may occur from the date of enactment and thereafter.

75.    The amendments were not intended to relieve or waive a policy owner's continuing obligation to pay premiums but operated to keep the policy in force until the policy was properly lapsed or terminated consistent with the statutory provisions which were incorporated into the terms of the policy by law. Each of these statutory requirements was intended to stand alone.

76.    Forfeiture provisions for nonpayment of premium for life insurance policies are strictly construed against lapse or termination and California law disfavors forfeiture of insurance. Forfeitures "are often the means of great oppression and injustice" and "the courts should be liberal in construing the transaction in favor of avoiding a forfeiture." *Ins. Co. v. Norton*, 96 U.S. 234, 242 (1978). "Forfeiture of a policy will be avoided on any reasonable showing." *Klotz v. Old Line Life Ins. Co. of Amer.,* 955 F.Supp. 1183, 1188 (N.D. Cal. 1996).

**B.    There is an Actual Controversy Requiring a Declaration of Rights and Duties**

77.    An actual controversy has arisen and now exists between Plaintiff and Defendant concerning their respective rights and duties under the California Insurance Code and the Policy. Plaintiff contends that Sections 10113.71 and 10113.72 apply to the subject Policy, as well as to all of Defendant's individual and group California life insurance policies in force as of or after January 1, 2013, including any policies that were renewed in California on or after January 1, 2013. Plaintiff also contends that these Statutes govern the manner and procedure in which life insurance policies can legally be lapsed or terminated as of January 1, 2013, and thereafter. Defendant contends that policies terminated without the protection of California Insurance Code Sections 10113.71 and 10113.72 nevertheless remained terminated and that policy owners are not entitled to the revival of their policies and that vested beneficiaries are not entitled to any death benefits.

78.    Plaintiff contends that the violations of the Statutes, as described herein, all invalidate and void any attempts to terminate the subject policies and/or act as a repudiation of those policies.

79.    Plaintiff desires a judicial determination of rights and duties and a declaration or judgment that Sections 10113.71 and 10113.72 must be strictly complied with in order to terminate a policy for nonpayment of premium.

80.    Plaintiff desires a judicial determination that Defendant's life insurance policies in California must contain a 60-day grace period in the written contract.

81.    Plaintiff desires a judicial determination that Defendant's failure to annually provide notice of a right to designate a third party to receive notices of pending lapse under Section 10113.72 renders a policy termination ineffective, leaving the policy in force.

82.    Plaintiff desires a judicial determination that Defendant is not entitled to premium payments for periods of time where Defendant declared a policy terminated in violation of Sections 10113.71 and 10113.72.

83.    Plaintiff desires a judicial determination that the Subject Policy and Class policies were not properly terminated in conformance with Sections 10113.71 and 10113.72.

84.    A judicial declaration would advise insureds and their beneficiaries of their rights and would advise Defendant of its duties to Plaintiff and to Class members concerning policy owners' rights to designate individuals to receive notices of pending lapse and termination and the right to receive notice of, and the ability to properly utilize, the legally required grace period. A judicial declaration is also necessary to determine the validity of any unnecessary reinstatements obtained, to determine whether policies were legally in force at the times of deaths of insureds, and to determine whether beneficiaries were wrongfully denied payment of benefits under their policies.

## IX.    SECOND CAUSE OF ACTION
### BREACH OF CONTRACT
**(By Plaintiff, Individually, and on Behalf of the Class)**

85.    Plaintiff incorporates by reference each and every allegation contained above.

86.    Plaintiff brings this claim individually and also on behalf of all members of the Class, as necessary.

87.    Defendant breached and continues to breach the express terms of its life insurance policies, including Plaintiff's late-mother's Policy, as well as the statutory mandates regarding such policies, by, amongst other things:

        a.     Failing to include in such policies and/or failing to provide a 60-day grace period for purposes of payment of premiums and lapse and termination of coverage for nonpayment of premium;

        b.     Lapsing and/or terminating policies before expiration of the 60-day grace period;

        c.     Failing to include in such policies and failing to provide accurate 30-day written notice of pending lapse or termination;

        d.     Failing, where applicable, to provide proper notice to policy owners on an annual basis of the policy owners' right to designate individuals to receive notices of pending lapse or termination;

        e.     Lapsing or terminating policies without strictly complying with the terms of the policies;

        f.     Refusing to pay benefits to beneficiaries, despite knowledge and information that Defendant had not strictly complied with the terms of the policies;

        g.     Improperly requiring reinstatement of policies that had not lapsed or terminated and which were not required or were not subject to reinstatement;

h.    Failing to pay benefits or claims;

i.    Failing to provide the notices required by the policy; and

j.    Failing to apply the applicable law to the insurance contract by repudiating policies of insurance for nonpayment without strict compliance with the provisions of the Statutes.

88.    Under the terms of the subject Policy and Class policies and consistent with laws of California, Defendant was required to mail the required notices, effectuate the change of the policies to include the proper grace period, and was required to notify policy owners of their right to designate every year as well as during any application. Plaintiff's late mother was entitled to be mailed written notice prior to the effectuation of any lapse or termination for nonpayment. Defendant sent no such notice and, thus, breached the insurance contract by failing to provide that notice.

89.    All of the aforementioned conduct, individually and collectively, constitutes material unexcused breaches of the Policy, as well as express material repudiations of the contract. To the extent any contractual obligations, duties, or conditions are imposed on policy owners or on beneficiaries, those obligations, duties, and conditions have been waived and/or have been excused due to Defendant's material breaches.

90.    Defendant's conduct caused injury upon the false, wrongful, and inadequate termination of coverage, and ultimately in refusing to pay the claim. Plaintiff and his fellow Class members suffered harm through the loss of coverage, the loss of peace of mind related to the existence of coverage, the capacity to utilize the years of investment in wrongfully-lapsed and terminated policies, and through the denial of claims.

91.    To the extent any policy owners and/or beneficiaries have failed to comply with any payment conditions or other conditions for the continuation of insurance, Defendant is estopped from asserting such conditions due to its conduct

and material breaches.

92.    As a legal and proximate result of the conduct described herein, the Class has suffered direct and foreseeable economic damages, including loss of policy benefits and/or the values of the policies and allowed interest under the terms of the policies and the law, in a nature and amount to be proven at the time of trial.

**X.    THIRD CAUSE OF ACTION**
**UNFAIR COMPETITION (BUS. AND PROF. CODE § 17200, *ET SEQ.*)**
**(By Plaintiff, Individually, and on Behalf of the Class)**

93.    Plaintiff incorporates by reference each and every allegation contained above.

94.    Plaintiff brings this claim individually and also on behalf of all members of the Class, as necessary.

95.    California Business and Professions Code Sections 17200, *et seq*., ("UCL") prohibit any unlawful, unfair, deceptive, or fraudulent business practice.

96.    Defendant committed "unlawful" acts under the UCL by violating and continuing to violate Sections 10113.71 and 10113.72, including by failing to afford policy owners, including Plaintiff's late mother, the requisite 60-day grace period and/or written 30-day notice prior to any lapse or termination, and further, an annual right to designate someone else to also receive notices of pending lapse or termination of coverage.

97.    The subject Policy and the Class policies remain in force and benefits are payable upon the deaths of the insureds. Because of UFLIC's violations of the California Insurance Code, UFLIC's attempted terminations or lapses of policies were illegal and ineffective. The Class policies, in other words, remain in force and subject to payment of benefits. UFLIC's failure to comply with the statutory terms has not effectively terminated any policy and Class members all remain in ongoing valid contractual relationships with UFLIC.

98.    UFLIC's unlawful practices also included and continue to include Defendant's ongoing concealment of the rights afforded to policy owners under

Sections 10113.71 and 10113.72. Defendant continues to conceal and mislead the policy owners and beneficiaries of the existence of a right to a 30-day lapse notice, a right to a 60-day grace period, a right to an annual designation, as well as the provisions of these Statutes that mandate strict compliance before any effective lapse or termination occurs.

99.    Moreover, UFLIC has committed deceptive acts under the UCL by affirmatively and erroneously telling Class members that their policies had grace periods of less than 60 days and/or that their policies lapsed or terminated. The truth is that the policies had grace periods of at least 60 days and the policies had *not* actually lapsed or terminated.

100.    The unlawful and unfair business practices described above have proximately caused harm and injuries to Plaintiff, the Class, and to the general public in the form of lost money or property. The money lost by the Class includes the policy benefits that UFLIC is withholding, as well as the premiums it wrongfully collected.

101.    Pursuant to California's UCL, Plaintiff, the general public, and the members of the Class are entitled to revival of their policies Defendant illegally terminated by means of such business practices. Examples of this lost money acquired illegally by Defendants include unrefunded premiums, withheld benefits, and diminution of value of policies.

102.    Defendant continues to this day to ignore or otherwise violate the Statutes and continues to ignore or repudiate otherwise valid and in-force life insurance policies that should be in effect today. Defendant continues to rob owners and beneficiaries of their lawfully-owned policies and benefits. As such, and pursuant to California's UCL, Plaintiff and the members of the Class and the general public are also entitled to injunctive relief, including public injunctive relief, against Defendant's ongoing business practices.

103.    If Defendant is not enjoined from engaging in the unlawful business

practices described above, Plaintiff, the Class, and the general public will be irreparably injured.

104.   Plaintiff, the general public, and the members of the Class have no plain, speedy, and adequate remedy at law.

105.   Defendant, if not enjoined by this Court, will continue to engage in the unlawful business practices described above, in violation of the UCL, in derogation of the rights of Plaintiff, the Class, and the general public.

106.   Plaintiff's success in this action will result in the enforcement of important rights affecting the public interest by conferring a significant benefit upon the general public.

107.   Private enforcement of these rights is necessary, as no public agency has pursued enforcement and the interests Plaintiff seeks to protect are for the benefit of the general public. Plaintiff is therefore entitled to an award of attorney's fees and costs of suit pursuant to, among others, California's UCL, the Common Fund Doctrine, the Public Benefit Doctrine, and California Code of Civil Procedure Section 1021.5.

## XI.    PRAYER FOR RELIEF

Plaintiff JOSE GRACIANO, Individually, and on Behalf of the Class, prays for relief against Defendant as follows:

1.    For certification of this action as a class action;

2.    For a declaration of Plaintiff's and the Class's rights pursuant to the insurance policies issued by Defendant and a declaration that Defendant has violated the Statutes;

3.    For an injunction to issue against Defendant, stopping and remedying the ongoing violation of the Statutes, including public injunctive relief;

4.    For economic damages according to proof where available;

5.    For interest where available;

6.    For attorney's fees and all litigation costs and expenses where

available; and

7.    For such other and further relief as this Court deems just and proper.

Respectfully submitted:

Dated: October 2, 2023                           **WINTERS & ASSOCIATES**

By:    *s/Jack B. Winters, Jr.*
Jack B. Winters, Jr. (SBN 82998)
Sarah Ball (SBN 292337)
8489 La Mesa Boulevard
La Mesa, CA 91942
Tel: (619) 234-9000
Fax: (619) 750-0413
Email: jackbwinters@earthlink.net
Email: sball@einsurelaw.com

**NICHOLAS & TOMASEVIC, LLP**
Craig M. Nicholas (SBN 178444)
Alex Tomasevic (SBN 245598)
Jake W. Schulte (SBN 293777)
225 Broadway, 19th Floor
San Diego, California 92101
Telephone: (619) 325-0492
Facsimile: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org
Email: jschulte@nicholaslaw.org

Attorneys for Plaintiff JOSE
GRACIANO, Individually, and on
Behalf of the Class

PL'S INDIV AND CLASS ACTION COMPLAINT and DEMAND FOR JURY TRIAL

# **DEMAND FOR JURY TRIAL**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Rule 38(b)(1)-(2) of the Federal Rules of Civil Procedure, Plaintiff JOSE GRACIANO, Individually, and on Behalf of the Class, hereby demands a jury trial in the above-captioned proceeding.

Dated: October 2, 2023                                **WINTERS & ASSOCIATES**

By:      *s/Jack B. Winters, Jr.*
          Jack B. Winters, Jr. (SBN 82998)
          Sarah Ball (SBN 292337)
          8489 La Mesa Boulevard
          La Mesa, CA 91942
          Tel: (619) 234-9000
          Fax: (619) 750-0413
          Email: jackbwinters@earthlink.net
          Email: sball@einsurelaw.com

          **NICHOLAS & TOMASEVIC, LLP**
          Craig M. Nicholas (SBN 178444)
          Alex Tomasevic (SBN 245598)
          Jake W. Schulte (SBN 293777)
          225 Broadway, 19th Floor
          San Diego, California 92101
          Telephone: (619) 325-0492
          Facsimile: (619) 325-0496
          Email: cnicholas@nicholaslaw.org
          Email: atomasevic@nicholaslaw.org
          Email: jschulte@nicholaslaw.org

          Attorneys for Plaintiff JOSE GRACIANO, Individually, and on Behalf of the Class